**Keith Terrell BUTLER, Plaintiff–Appellant,**

v.

**J. HOGUE, Correction Officer, Upstate Correctional Facility, J. Hyde, Correction Officer, Upstate Correctional Facility, Defendants–Appellees,**

**D.O.C.S., Defendant.**

**No. 10–4307–pr.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2011.

Keith Terrell Butler, pro se.

Barbara D. Underwood, Solicitor General; Denise A. Hartman & Martin A. Hotvet, Assistant Solicitors General (of Counsel); for Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y., for Defendants–Appellees.

Present: ROSEMARY S. POOLER, B.D. PARKER, SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Keith Terrell Butler appeals from the district court's grant of summary judgment in favor of the Defendants on Butler's constitutional claims under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment *de novo*, determining whether the district court properly concluded "that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In making this determination, "the court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought. The inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n,* 182 F.3d 157, 160 (2d Cir.1999) (quoting *Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 202 (2d Cir.1995)).

We have reviewed Butler's claims under the First, Eighth, and Fourteenth Amendments, and, like the district court, conclude that the alleged violations do not rise to the level of constitutional deprivations.

Accordingly, we **AFFIRM** the judgment of the district court.